## HOLM v. DAVIS et al.

No. 2325. Decided June 12, 1912 (125 Pac. 403.)

1. TRIAL—FINDINGS—AMENDMENT. Comp. Laws 1907, sec. 3005, confers jurisdiction on the court under certain circumstances to relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect on such terms with reference to costs as may be proper, etc., and section 3168 provides that, on the trial of a question of fact by the court, its decision must be

given in writing and filed with the clerk within thirty days after the cause is submitted for decision, but that the court at any time before notice of appeal is served or filed, or before motion for a new trial is ruled on, may add to or modify the findings in any respect so as to make the same conform to the issues presented by the pleadings and to the evidence adduced at the trial, but that no such additions to or modifications of the findings shall be made, unless notice in writing, specifying generally the additions or modifications desired, shall have been served on the adverse party or his attorney. *Held* that, independent of such sections, the court, after the expiration of the term at which an action was tried and determined, notwithstanding the pendency of a motion to retax costs, had no jurisdiction to modify the findings on its own motion. (Page 204.)

2. LICENSES—USE OF REAL PROPERTY—EASEMENT DISTINGUISHED. Where intervener constructed and used a canal over plaintiff's land for a millrace and irrigation ditch to furnish water for motive power for the mill, and to irrigate certain lands, and such canal, though originally constructed by consent of plaintiff's grantor, had been used and maintained for such purposes for more than twenty years when plaintiff purchased the same, intervener's right to maintain, protect, and improve it was not a mere license, but an easement acquired by prescription. (Page 206.)

3. EASEMENTS—WATER CANAL—MAINTENANCE. Where intervener had acquired a prescriptive easement to maintain a water canal over plaintiff's land, intervener was entitled to enter on the land to clean out and make necessary repairs to the canal, doing no unnecessary injury to the servient estate. (Page 208.)

4. MASTER AND SERVANT—INJURIES TO THIRD PERSONS—TRESPASS BY SERVANTS. Where defendant, having an easement to maintain a water canal over plaintiff's land, sent workmen to clean out and repair the canal, a finding that they trespassed on ground not necessary for their work was insufficient to warrant a recovery against intervener, since in so trespassing the workmen acted beyond the scope of their employment, rendering themselves, and not intervener, liable for their acts. (Page 210.)

APPEAL from District Court, Fourth District; *Hon. J. E. Booth*, Judge.

Action by Annes Holm against Warren E. Davis, in which the Spanish Fork Co-operative Institution intervened.

Judgment for plaintiff.   Intervener appeals.

REVERSED AND REMANDED.

*A. Saxey* for appellant.

*Elias Hanson* for respondent.

FRICK, C. J.

The respondent commenced this action against the defendant Davis to recover damages for trespasses that it is alleged said Davis by himself and "by his agents" had committed on respondent's land, which is specifically described in the complaint.   Davis answered, justifying the alleged trespasses. His answer is, however, not material to the real questions involved here, and therefore will not be referred to hereafter. The appellant asked and was given leave to intervene in the action commenced against Davis as aforesaid, and in its complaint in intervention it, in substance, alleged that the fee to the land in question was in the respondent; that it was the owner, and for many years prior to the commencement of the action had been the owner, of a flouring mill which it operated by water power, which water was obtained from Spanish Fork River by means of a canal or ditch about three miles in length; that said canal or ditch passed through respondent's land, and that the same was constructed, owned, occupied, and used by appellant for the purposes of conducting water through the same to said mill for a period of twenty-five years without molestation or interference from any one, and for about twenty-three years before the respondent purchased and became the owner of the land in question; that the appellant claims the right to use, maintain, and repair said canal as an easement over said land, and that the acts complained of by respondent were committed by appellant's agents and employees by going on and along said canal or ditch for the purpose of making repairs that were necessary and required, and for that purpose removed sand and gravel that had accumulated in said canal, and which had to be removed to permit

the necessary water to flow through the same to said mill; that said sand and gravel were carefully removed and deposited along the margin of the bank of said canal, and that no unnecessary thing was done or act committed in doing said work. Respondent answered the complaint, admitting the allegations therein, except that appellant had acquired a right of way or an easement over his land. The issues were tried to the court without a jury. The court, after making a personal inspection of the canal or ditch, on the 27th day of May, 1911, made the following findings of fact and conclusions of law:

"That the plaintiff is the owner of the land described in his complaint; that the defendant, the Spanish Fork Co-operative Institution, a corporation, has a millrace, which race is also used as an irrigation canal, running through the said land on a sidehill, and has maintained said canal for more than twenty years, and which was built with the consent of the then owner of the land; that it is necessary from year to year that the said canal should be cleared out and repaired; that the defendant Warren E. Davis, in May, 1910, as an employee of the said defendant corporation, with the assistance of other men, cleaned out and repaired the said ditch; that in performing the work necessary thereto no unnecessary damage or injury was done to the ground of the plaintiff, *but the workmen trespassed on ground not necessary for said work;* that neither of said defendants either made or attempted to make any arrangements with the plaintiff whereby they might go onto plaintiff's ground for the performance of said work; that the plaintiff has sustained only nominal damages. Judgment should therefore be for the plaintiff that he recover damages in the sum of one dollar, and that the defendant, the Spanish Fork Co-operative Institution, a corporation, pay the said sum of one dollar, and the costs of this suit." The appeal is upon the judgment roll without a bill of exceptions containing the evidence. All that we can determine, therefore, is whether the pleadings and findings of fact sustain the conclusions of law and judgment.

It is not necessary to refer to the pleadings further than has been done. As we have seen, the findings constituting the decision of the court were filed on the 27th day of May, 1911, during the April term of court. Thereafter, to wit, on the 26th day of August, 1911, after the April term of court had been adjourned without date, and pending the July term, the court modified its findings of fact by inserting that portion thereof which we have italicized. Appellant at the time objected to the court's authority to make the modification in the findings, and now insists that the court exceeded its power or jurisdiction in making the modification of the findings as indicated, and that, therefore, for the purposes of this decision, said modification must be deemed as not having been made. Did the court exceed its power in making the modification complained of by appellant? It is practically conceded by respondent, at least it is not controverted by him, that the findings were made and filed in the April term, while the modification thereof was made in the following July term. We shall assume that under the decisions of this court the district court had the power to modify its findings at any time before the adjournment of the term during which they were made and filed, and that said modification could also be made if made in accordance with the provisions of Comp. Laws 1907, sec. 3168, or under the provisions of section 3005. In the case at bar, the findings were, however, modified after the term, and no attempt was made to conform to the provisions of either one of the foregoing sections. The question, therefore, is, Did the court of its own motion have the power to make a modification of its findings at the time and in the manner disclosed by this record? Respondent's counsel seeks to justify the action of the court on the ground that appellant had filed a motion to retax costs during the April term which remained pending and was finally disposed of by the court on the 26th day of August and at the time the modification was made, all of which was during the July term. The motion to retax costs was based upon the findings as they then stood, and under which appellant's counsel contended his client could not

be required to pay costs under our statute. The court seemed to appreciate the force of counsel's contention in that regard, and thus modified the findings so that the costs could legally be taxed against appellant. The motion to retax costs certainly was not made nor intended for the purpose of having the court modify its findings under the provisions of section 3168 or under section 3005, *supra*. Indeed, the motion was filed and intended for an entirely different purpose. The motion therefore was not and in the nature of things could not have invoked the power of the court to modify its findings within the purview of the two sections referred to. Nor, in view that the term of court at which the findings were made and filed had been finally adjourned, did the court possess inherent power to make the modification complained of. That the court cannot legally make modification of its findings after the term has expired when such modification is not made under and in conformity with the provisions of either one or the other of sections 3168 or 3005, *supra,* so as to extend the time within which to take an appeal was held by us in the case of *Atwood v. Davis* at the October, 1911, term of this court. The question having been determined on a motion to dismiss the appeal, no opinion was filed, but the appeal dismissed. We are of the opinion, therefore, that the court in making the modification of the findings as aforesaid on its own motion after the term had expired exceeded its power, and that the findings must, for the purposes of this decision, be treated as though no such modification thereof had been made.

Treating the findings, therefore, as originally made and filed by the court, do they sustain the conclusions of law and judgment entered against appellant for the sum of one dollar damages and for costs? Counsel for appellant insists that, in view that the court found that the canal or ditch in question had been constructed over appellant's land for more than a sufficient length of time to constitute said canal or ditch an easement on or over his land, therefore appellant had a legal right to enter upon and along said canal or ditch to repair and clean out the same if the work was done without unnecessary injury to respondent's land or property, and

therefore appellant was not guilty of trespass, and, if this be
so, the conclusion of law and judgment for damages and costs
are not sustained by said findings, and cannot prevail. Coun-
sel for respondent contends that, because the court found that
the canal was originally constructed "with the consent of the
then owner of the land" in question here, the canal was con-
structed and maintained under a license from the owner of
the land, and that, where such is the case, no easement is ac-
quired, and therefore none exists in this case. The foregoing
contentions present the real question in the case.

We have no means of determining what the evidence was,
and the court's findings are far from specific. In view, how-
ever, that both parties have expressed an earnest desire that
we should, if possible under the findings as they are, deter-
mine whether the canal in question constitutes an easement
or not, we have concluded that in view of the permanent char-
acter of the canal and the purposes for and time dur-
ing which it was constructed, maintained, and used,
the findings are sufficient to enable us to determine
that question, although the findings are somewhat meagre in
detail. The findings show that the canal was constructed
and used for a millrace and irrigating ditch to furnish water
for motive power for a mill, and to irrigate lands to make
the same productive; that the canal had been constructed,
maintained, and used for the purposes aforesaid for more
than twenty years when respondent purchased and became the
owner of the land over which the canal was constructed and
maintained. If the canal during the twenty years was main-
tained and used adversely and under a claim of right, such
use for that length of time would have ripened into a pre-
scriptive right constituting an easement. This has been the
uniform holding of this court. See *Lund v. Wilcox*, 34
Utah, 205, 97 Pac. 33, and cases there cited. Counsel for
respondent in effect concedes the law in this state to be so, but
he contends that, because the court found that the canal was
originally constructed with the consent of the owner of the
land, the claim of adverse user under claim of right has no
foundation either in law or fact. In this contention we think

counsel is mistaken. It does not necessarily follow that because a ditch or any other permanent structure is constructed on or over the lands of another with such other's consent the use and maintenance thereof by the person who constructed it or his assignee cannot be adverse and under a claim of right within the purview of the law governing easements acquired by prescription. The question to a large extent depends upon the character of the use or thing which is claimed as an easement, and the object or purpose for which the thing was constructed, used, and maintained. In this case the canal or ditch was constructed for a purpose which was permanent in its nature. We may well assume that no one would build a mill and construct a canal three or more miles in length for the purpose of providing water for motive power to operate the mill and irrigate the arid lands, except as a permanent thing. That such is the case is natural, and must be obvious to all, and hence needs no argument or elaboration. The fact, therefore, that the canal was on the land and was being used for the purposes aforesaid was notice to the respondent that it was a structure of a permanent character used for purposes permanent in their nature, and hence he purchased the land subject to the rights of the owner of the canal. If the right to use the same, therefore, had ripened into a prescriptive right by the lapse of time and the character of its use, respondent purchased and holds the land subject to appellant's right to maintain and use the canal for the purposes for which it was constructed, maintained, and used from its inception. This is well illustrated by the courts in the following cases: *Jewett v. Hussey,* 70 Me. 433, and *Coventon v. Seufert,* 23 Or. 548, 32 Pac. 508. In both of those cases it is held that, although the inception of a prescriptive right rests in parol by the permission of the owner of the land over which it is claimed, yet, if the right of way or ditch is used and enjoyed under a claim of right to use and enjoy it as owners of such property usually use and enjoy their own, the claimant obtains a prescriptive right to the use of the easement. In *Arbuckle v. Ward,* 29 Vt. 53, the court, in referring to this subject, says:

"But the mere fact of showing that the use began by permission of the landowner is not alone sufficient to defeat the prescription."

In *Coventon v. Seufert, supra,* the Supreme Court of Oregon, in passing on how a right to use an irrigating ditch over the lands of another may be acquired by use, states the law in the following language:

"That the use began by permission does not affect the prescriptive right if it has been used and exercised for the requisite period under claim of right. . . . If the use of the way is under a parol consent given by the owner of the servient tenement to use it as if it were legally conveyed, it is a use as of right, . . . The plaintiffs have used the ditch as if it had been legally conveyed to them—that is, they have exercised such acts of ownership over it as a man would over his own property—and the court must presume in the absence of any evidence to the contrary that the settlement was a parol consent or transfer . . . of the right to use the ditch, and hence it was a use as of right."

The court also held that, in view that the party who claimed the easement had used it for the purposes intended for a period longer than would create a prescriptive right, "the burden of proving that plaintiffs held possession by license or indulgence was cast upon the defendants." To the same effect, see Jones on Easements, sec. 182.

Keeping in mind, therefore, the permanent character of the canal in question and the purposes for which it was constructed, used, and maintained, and that such use had been for a period longer than twenty years, we are forced to the conclusion that the mere fact that the court found that the canal was originally constructed "with the consent of the then owner of the land" cannot affect appellant's prescriptive right. If such were not the law, then in this state, in view of the arid character of the land embraced within its borders, but few irrigating ditches could now be maintained. This is apparent to all, for the reason that in many if not most instances such ditches were at least in part constructed over lands owned by others either with the express or implied permission or consent of the owners there-

of. If the owners of lands over which ditches have been thus constructed can now claim, as is claimed by respondent, that the owners and users of those ditches have acquired no right to maintain them for the reason that the ditches or canals were in fact constructed with the consent of the original owners of the lands, and hence the ditch users are mere licensees, and their ditches, flumes, and canals are maintained and used only by the sufferance or indulgence of the landowners, then the law has proved to be a mere delusion and a snare. In settling and reclaiming the arid lands much that in early days was deemed entirely worthless has now acquired considerable value. Over such lands miles of ditches, flumes, and canals were constructed with either the express or implied consent of the owners thereof. Can such owners, after a lapse of all these years, now treat the owners of the ditches as mere trespassers? We think not. Upon the other hand, we are of the opinion that, although a canal, ditch, or flume may have been constructed by a person on or over lands owned by another with the consent or permission of such other owner, yet, if the owner of the canal, ditch, or flume, or his assignee, has used and maintained the same in the same manner as if the same were constructed over his own lands, and where such use and maintenance has continued uninterruptedly and under claim of right for more than twenty years, in such event the owner of the ditch has acquired a right to use and maintain the same perpetually as an easement.

In view of the foregoing, what were the rights of the appellant with respect to entering upon the lands of respondent to repair and clean out the ditch or canal in question? The right of the owner of an easement is admirably stated by Mr. Jones in his excellent work on Easements, sec. 814, in the following words:

"The owner of a dominant estate having an easement has a right to enter upon the servient estate, and make repairs necessary for the reasonable and convenient use of the easement, doing no unnecessary injury to the servient estate."

41 Utah 14

A large number of cases in support of the doctrine are collated by the author in a footnote to the section aforesaid to which we refer the reader. The doctrine is also well illustrated and applied to an irrigating ditch by the Supreme Court of California in *Joseph v. Ager,* 108 Cal. 517, 41 Pac. 422. The finding in the case at bar "that in performing the work necessary thereto no unnecessary damage or injury was done to the ground of the plaintiff" while not as specific as could be desired, yet must be construed to mean just what appellant by its servants and employees had a right to do, namely, to enter upon respondent's land along the canal or ditch in question for the purpose of repairing and cleaning out the same, and, if in doing the work no unnecessary injury was done to respondent's land, appellant cannot be charged as a trespasser. Under the findings as originally made, appellant therefore was clearly within its rights in doing the acts complained of. It was only after the court thought that it was necessary to change the findings to support the judgment for nominal damages and costs that appellant's servants were charged with having trespassed on respondent's land.

So far as we have considered the question upon the theory that the findings as modified would make the appellant liable as a trespasser. If the amendment by the court be considered and applied literally as written, it may well be doubted whether appellant would be liable, even though the finding were proper and true in fact. If appellant's "workmen trespassed on ground not necessary for said work" willfully, unnecessarily, and when not acting within the scope of their duties or employment in repairing or cleaning out the canal, they, and not appellant, should have been held as trespassers. We, however, do not desire to base the decision upon such narrow ground. What we hold is that under the facts found by the court the ditch or canal constitutes an easement over respondent's land which appellant had a right to maintain, and for that purpose has a right to go upon the land of respondent along the ditch, and to use so much thereof on either side of the ditch as may be necessary to make all necessary repairs and to clean out said ditch at all reasonable

times, and that appellant is liable only for the abuse of such right; that in this case no such abuse is shown; and hence the judgment against appellant cannot prevail.

The judgment is reversed, and the cause is remanded to the district court, with directions to strike from the findings that portion indicated in italics and inserted therein on August 26, 1911, to vacate the conclusions of law and to modify the same to conform to the law herein stated, and to enter judgment dismissing the action, and to apportion the costs as in the judgment of the court may be just and equitable. Appellant to recover costs in this court.

McCARTY and STRAUP, JJ., concur.