## BOWERS v. GILBERT.

No. 4011.     Decided March 8, 1924.     Rehearing Denied April 18, 1924.     (224 Pac. 881.)

1. TRIAL—FINDINGS FULLY COVERING MATERIAL ALLEGATIONS OF COMPLAINT HELD SUFFICIENT. Findings by the court, which did not follow the language of the complaint, *held* sufficient, where they fully covered the substance of the material allegations.

2. EASEMENTS—THAT USE BEGUN UNDER PERMISSION OF OWNER WILL NOT DEFEAT PRESCRIPTIVE RIGHTS. The mere fact that a use of land began under permission of the owner is not alone sufficient to defeat prescriptive rights of the user, where use under claim of right has continued for more than twenty years.[1]

Appeal from District Court, Third District, Salt Lake County; *G. A. Iverson*, Judge.

Action by John S. Bowers against W. J. Gilbert. Judgment for plaintiff, and defendant appeals.

[1] *Holm* v. *Davis*, 41 Utah, 200, 125 Pac. 403, 44 L. R. A. (N. S.) 89.

AFFIRMED.

*F. B. Scott,* of Salt Lake City, for appellant.

*K. K. Steffensen,* of Salt Lake City, for respondent.

FRICK, J.

The plaintiff and the defendant own adjoining residence lots in Salt Lake City upon which they now live and their predecessors in interest for many years have lived.

The plaintiff, in January, 1922, brought this action against the defendant to restrain the latter from interfering with plaintiff's use of a ten-foot strip of ground, the title to one-half of which is owned by each, and which is located between the residences of the plaintiff and the defendant, and which is used by plaintiff as a right of way from the street in front of his premises to the rear thereof.

Among other things the plaintiff prayed for relief as follows:

"That the court decree to this plaintiff the right to use at all times and in every manner and for all purposes and at all times forever the right to use the said right of way herein described, and that the defendant be forever restrained from interfering with the said use by this plaintiff, his tenants and his guests, of said right of way."

Plaintiff in his complaint, not only set forth a full description of the strip of ground in question, but also fully described the respective parcels of ground owned by plaintiff and defendant to which the ten-foot strip of ground used as a right of way is alleged to be appurtenant. Plaintiff set forth a second cause of action, but, in view that nothing is claimed for the same no further mention is necessary.

We remark that we could subserve no good purpose in setting forth the allegations of the complaint, and hence we refrain from doing so. It must suffice to say in that regard that plaintiff's rights to the strip of ground are fully set forth in the complaint.

The defendant filed an answer to the complaint, in which,

after admitting that he and plaintiff owned adjoining lots as described in plaintiff's complaint, he denied plaintiff's right to the use of the strip of ground as a right of way, and in a counterclaim asked that the title to one-half of the said strip of ground be quieted in him. The plaintiff in his reply denied the allegations of the counterclaim. A trial to the court without a jury resulted in findings favorable to plaintiff's contentions.

The court in its findings of fact, after fully describing the strip of ground in question and the lots to which it is found to be appurtenant, and after finding that the strip of ground in question had been used by the plaintiff and his predecessors in interest as a right of way, further found:

"That the plaintiff, his tenants and agents, have enjoyed the open, continuous, unmolested, and adverse use of said roadway uninterruptedly and hostile as to the defendant and his predecessors in title, ever since the 6th day of January, 1874; that the plaintiff his tenants and his agents, have used said roadway for all purposes for which a roadway located in the city of Salt Lake, and situated as is this roadway, is commonly and ordinarily used, and for which real estate, as is this real estate to which this roadway leads, is ordinarily and commonly used; that the plaintiff, his tenants and his agents, have enjoyed the open, continuous, unmolested, and adverse use of said roadway uninterruptedly and hostile under a claim of right as against the defendant and his predecessors in title for a period of more than twenty years."

Upon defendant's counterclaim the court found that he was the owner of the land described by him, but that his title to the strip of ground used as a right of way is subject to plaintiff's easement. The court also made conclusions of law, in which it declared that the plaintiff had a right of way or easement over the strip of ground as stated in the findings of fact. Judgment was duly entered in accordance with the findings of fact and conclusions of law, from which defendant appeals.

The defendant, hereinafter called appellant, insists that the district court erred in overruling both his general and special demurrers to the complaint. While the complaint is far from being a model pleading, yet it clearly is not vulnerable to the objections urged against it by the appellant.

It is further contended by the appellant that the court erred, in its findings of fact, and that they are contrary to the evidence. While the evidence in many respects is in conflict, yet, as we read the record, the great preponderance of the evidence supports the findings of the court. This contention therefore cannot be sustained. It is also insisted that the judgment should be reversed because the court failed to make findings upon certain matters alleged in the complaint. While it is true that the findings do not in all particulars follow the language of the complaint, yet the findings fully cover the substance of the material allegations of the complaint, and that is sufficient especially so in a case like the one at bar.

A further contention is that the district court erred in decreeing that the plaintiff had acquired a right of way or easement over the strip of ground, for the reason that plaintiff's use was initiated by virtue of what appellant calls a "mutual license" resting in parole. It has, however, been held by this and other courts that "the mere fact of showing that the use began by permission of the landowner is not alone sufficient to defeat the prescription." See *Arbuckle* v. *Ward,* 29 Vt. 53. It has further been held "that the use began by permission does not affect the prescriptive right, if it has been used and exercised for the requisite period under a claim of right." *Coventon* v. *Seufert,* 23 Or. 548, 32 Pac. 508; *Jewett* v. *Hussey,* 70 Me. 433. The foregoing cases are cited and followed by this court in *Holm* v. *Davis,* 41 Utah, 200, 125 Pac. 403, 44 L. R. A. (N. S.) 89. Appellant's counsel, however, insists in his brief that the district court did not find that plaintiff's use was under claim of right. In this counsel is manifestly in error. The court expressly found that plaintiff's use of the right of way was "open, continuous, unmolested, and adverse * * * and hostile under claim of right as against the defendant and his predecessors in interest for more than twenty years." In the face of that and other findings it is useless to contend that plaintiff's use of the right of way in question was not under claim of right.

It is also contended that the district court erred in denying appellant's motion for new trial which in part was based upon alleged newly discovered evidence. There is no merit to this contention, and we shall not pursue it further.

In conclusion we feel constrained to add that, although appellant has assigned numerous errors and vigorously contends that the judgment should be reversed, yet after a careful scrutiny of the record, we are forced to the conclusion that the judgment is not only not vulnerable to the many objections urged against it but that it fully conforms to the established facts and the law applicable thereto, and is clearly right.

Judgment is therefore affirmed, at appellant's cost.

GIDEON, THURMAN, and CHERRY, JJ., and BARNES, District Judge, concur.

WEBER, C. J., did not participate herein.