DAHLBERG, APPELLANT, v. LANNEN, RESPONDENT.

(No. 6,349.)

(Submitted January 9, 1929.   Decided January 30, 1929.)

[274 Pac. 151.]

*Mr. W. E. Keeley,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. S. P. Wilson* and *Mr. D. M. Durfee,* for Respondent, submitted a brief and argued the cause orally.

74

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action to quiet title to an irrigation ditch situated in Granite county and having its beginning at Bear Gulch Creek.

The complaint is in the usual form in such cases, and alleges that plaintiff is the owner of the ditch. This is denied by the answer, and by way of an affirmative defense the pleading alleges that the defendant and his predecessors in interest have been in the adverse possession of the ditch ever since 1871. It further alleges that in May, 1920, a decree was entered in the district court of Granite county, in an action wherein Chris Lannen was plaintiff and G. C. Dahlberg was defendant, wherein it was adjudged that Chris Lannen had the right to use the ditch here involved, and that G. C. Dahlberg, the plaintiff herein, was restrained and enjoined from interfering with the ditch or with the use thereof by the defendant herein. It is alleged that plaintiff is estopped by the decree in that action from claiming title to the ditch. The material allegations in the affirmative defense were put in issue by the reply.

The cause was tried before the court, sitting without a jury, and resulted in judgment in favor of the defendant. A motion for a new trial was denied, and this appeal taken from the judgment.

Plaintiff's several assignments of error all raise the same question, viz.: Is the evidence sufficient to support the finding and judgment that defendant is the owner of the ditch?

A suit to quiet title is one in equity. (*Larson* v. *Peppard*, 38 Mont. 128, 129 Am. St. Rep. 630, 16 Ann. Cas. 800,

99 Pac. 136.) On appeal in an equity case, where the ground on which reversal is asked is that the evidence is insufficient to support the findings, this court will not set aside the finding, unless there is a decided preponderance in the evidence against them, and, where the evidence furnishes reasonable grounds for different conclusions, the findings will not be disturbed. (*Allen* v. *Petrick*, 69 Mont. 373, 222 Pac. 451; *Warren* v. *Senecal*, 71 Mont. 210, 228 Pac. 71; *Anaconda National Bank* v. *Johnson*, 75 Mont. 401, 244 Pac. 141; *Gibson* v. *Morris State Bank*, 49 Mont. 60, 140 Pac. 76.) Where the evidence is conflicting, this court will make allowance for the more advantageous position occupied by the trial judge in passing upon the credibility of witnesses. (*Barnard Realty Co.* v. *City of Butte*, 55 Mont. 384, 177 Pac. 402.)

The record discloses that plaintiff is the owner of certain land known as the "Elfers placer mining claim" and that defendant is the owner of land adjoining that of the plaintiff on the south and known as "Mouth of Bear placer mining claim." Patent to plaintiff's land was originally issued to John Elfers and John C. Lehson in April, 1892, and patent to defendant's land was originally issued in July, 1878, to John Lannen. In April, 1871, John Lannen appropriated certain waters from Bear Creek and dug the ditch in question. The head of this ditch is located on the Elfers placer mining claim, about 785 feet from the north line of the Lannen claim, and the ditch extends in a southeasterly direction to the south boundary of plaintiff's mining claim, and thence on to the land of the defendant.

At the time the ditch was dug the land now embraced in the Elfers placer mining claim was open, unoccupied, and uninclosed. The evidence shows that the ditch has been used by the defendant and his predecessors in interest for irrigation purposes every year since it was dug, but with some interruptions on the part of plaintiff.

Defendant contends that under the evidence the judgment of the lower court is correct, by reason of the provisions of

sections 2339 and 2340 of the United States Revised Statutes (U. S. C. A., Tit. 43, sec. 661 [43 U. S. C. A., sec. 661]). These sections provide:

2339. "Whenever, by priority of possession, rights to the use of water for mining, agriculture, manufacturing, or other purposes, have vested and accrued, and the same are recognized and acknowledged by the local customs, laws, and the decisions of courts the possessors and owners of such vested rights shall be maintained and protected in the same; and the right of way for the construction of ditches and canals for the purposes herein specified is acknowledged and confirmed. ❋ ❋ ❋ ''

2340. "All patents granted, or pre-emption or homesteads allowed, shall be subject to any vested and accrued water rights, or rights to ditches and reservoirs used in connection with such water rights, as may have been acquired under or recognized by the preceding section."

Under these statutes, entrymen on public lands over which ditches had been constructed before entry take the land burdened with this easement. (*Lowry* v. *Carrier*, 55 Mont. 392, 177 Pac. 756.) The patent issued to plaintiff's predecessors in interest contained a clause that the conveyance was subject to vested and accrued water rights and "rights to ditches used in connection with such water rights as may be recognized and acknowledged by the local laws, customs, and decisions of the courts." The plaintiff took the land described in the patent subject to the same servitude. (Kinney on Irrigation and Water Rights, sec. 934, p. 1649.)

Plaintiff contends that, since no right was claimed by defendant under these sections of the federal statutes in his answer, he may not now assert a right thereunder. It is unnecessary to decide whether evidence on the part of the defendant to establish his right to the ditch by virtue of these statutes was admissible under his general denial. The evidence showing that the land was open, unoccupied, and uninclosed when the ditch was dug was introduced without objec-

tion. The rule is well established in this jurisdiction that where evidence, not warranted by a party's pleading, is admitted without objection his pleading will be deemed amended to conform to the proof. (*Davis* v. *Claxton*, 82 Mont. 574, 268 Pac. 787; *Parsons* v. *Rice*, 81 Mont. 509, 264 Pac. 396; *Blackwelder* v. *Fergus Motor Co.*, 80 Mont. 374, 260 Pac. 734; *Ellinghouse* v. *Ajax Live Stock Co.*, 51 Mont. 275, L. R. A. 1916D, 836, 152 Pac. 481.)

Plaintiff further contends that the burden was upon defendant to prove that the land on which the ditch was dug was unappropriated public land between 1871, the time of constructing the ditch, and 1892, the time when plaintiff's predecessors obtained patent, and that he has not sustained this burden of proof. With this latter contention we do not agree. We agree with the rule stated by the supreme court of Washington in the case of *Wendler* v *Woodward*, 93 Wash. 684, 161 Pac. 1043, where the same question was before that court. In the opinion in that case the court said: "The fact that the land was vacant and unoccupied is some evidence that it was unappropriated, in the absence of evidence to the contrary. While the burden of proof is upon the appropriator, when his title is questioned, to show that, at the time of his appropriation, the land on which the water was appropriated was vacant and unappropriated, we know, as a matter of fact, that lack of improvement and settlement upon land within the public domain is some evidence that it is unappropriated. There was no controverting evidence or inference that it was appropriated when Champ made his appropriation of the water thereon. Champ made prior paper appropriation, and, as the evidence shows, followed it up diligently by making actual, beneficial use of the water prior to any other user or appropriator to the extent, as the evidence tends to show, of at least 200 cubic inches per second. He therefore, under the federal statute, supra, acquired title by appropriation to the water and to the right of way from the point of diversion through the un-

occupied and unappropriated public land. This title was confirmed to him by the terms of the federal statute above cited.''

The evidence introduced by defendant that the land was open, unoccupied and uninclosed in 1871, was sufficient to make a prima facie case that the land was then unappropriated public land. The record fails to disclose any substantial evidence to the contrary and we are of the opinion that the evidence was sufficient to support a finding that the land of plaintiff was unappropriated public land at the time the ditch was dug by the predecessors in interest of the defendant. This being so, the right of the defendant to the ditch is confirmed by the federal statutes.

There was no finding made by the court as to whether the land of plaintiff was unappropriated public land in 1871. But, if no finding is made by the court on a fact necessary to support the judgment, such a finding will be implied. (*Security State Bank* v. *McIntyre*, 71 Mont. 186, 228 Pac. 618; *Morehouse* v. *Northern Land Co.*, 68 Mont. 96, 216 Pac. 792.)

Counsel for plaintiff also contends that, if defendant ever owned the ditch, he abandoned it in 1908 by changing the point of diversion, enlarging the ditch, and raising the embankments without the consent of plaintiff. The evidence on these issues is conflicting. The evidence offered on behalf of defendant was to the effect that there had been a flood in 1908, which widened the channel of the creek to such an extent that water could not be turned into the headgate, and thus it became necessary to move the headgate 15 or 20 feet to a narrower spot, and to run a box from the headgate into the ditch, crossing three or four feet of plaintiff's land upon the bank of the creek, and that the ditch was not enlarged, but only cleaned of debris, from time to time, that accumulated in it, and that whatever change was made in the embankments was the necessary result of cleaning the ditch.

It is well settled that a person having an easement in a ditch through the land of another may go upon the servient land and make all necessary repairs and clean the ditch. (9 R. C. L.,

p. 795; *Holm* v. *Davis*, 41 Utah, 200, 44 L. R. A. (n. s.) 89, 125 Pac. 403; *Carson* v. *Gentner*, 33 Or. 512, 43 L. R A. 130, 52 Pac. 506.)

While there is evidence to the contrary, we think the evidence as a whole warrants the conclusion that the ditch has not been materially enlarged since its original construction in 1871, and that whatever changes were made from time to time in the embankments were those necessarily resulting from the enjoyment of the right to clean and repair the ditch.

We recognize the rule that the rights acquired by defendant ▆ by virtue of the federal statutes, supra, do not give him the right materially to change the point of diversion after the intervention of rights acquired in the land by plaintiff's predecessors in interest. (*Campbell* v. *Flannery*, 32 Mont. 119, 79 Pac. 702; *Babcock* v. *Gregg*, 55 Mont. 317, 178 Pac. 284.) Under the view we take of the case, it is unnecessary to determine whether the change in the point of diversion was a material change, within the meaning of these decisions. While there is a conflict in the evidence, that offered on behalf of defendant shows that the headgate has been used by him continuously, openly and notoriously at the location where it existed at the time of the trial, without interference or molestation, since 1908. The court was justified under such circumstances in finding that the defendant's claim thereto, and to the small strip of land used in connection therewith, had been established by prescription. (*Glantz* v. *Gabel*, 66 Mont. 134, 212 Pac. 858; *Stetson* v. *Youngquist*, 76 Mont. 600, 248 Pac. 196.)

It is contended by counsel for plaintiff that, because of the ▆ case of *Lowry* v. *Carrier*, 55 Mont. 392, 177 Pac. 756, the defendant may not rely upon the grant by the federal statutes, since it is inconsistent with the right of adverse possession set up in his answer. In that case the complaint, in separate counts, sought to claim ownership under both theories. The court held that the right by adverse possession is incompatible with the right acquired by virtue of the federal stat-

utes. That this is so cannot be open to question. The court, however, held that since the suit was in equity, and all the evidence was before the court, the case would be decided on its merits, and, in effect, held that, if plaintiff had established his right under either theory, the judgment of the lower court should be affirmed. So we hold in this case, by reason of section 8805, Revised Codes of 1921.

When defendant proved that he owned the ditch because of the grant from the government, he was precluded from proving that he owned the same ditch by adverse possession, because there can be no adverse possession of property already belonging to the one claiming it. The headgate and strip of land used therewith, if changed materially in location since the predecessors in interest of plaintiff acquired an interest in the land now owned by plaintiff, would not belong to the defendant by virtue of the grant from the government, and hence title to that could be shown by adverse possession.

Plaintiff also contends that, since the answer alleges adverse possession of the ditch in question since 1871, the defendant cannot rely upon adverse possession for the statutory period since 1908 to establish title to any part of the ditch. With this contention we do not agree. In the case of *Bogardus* v. *Trinity Church*, 4 Sandf. Ch. (N. Y.) 633–760, the court, in speaking of this question, said: "The defendants, in support of their plea, are bound to prove only its substance, and to such an extent as will maintain the bar which it interposes to the suit. To illustrate this proposition, I will suppose a bill filed at this time relative to a trust created in 1830, to which the trustee pleads that, for 15 years last past, he has done no act, nor admitted anything in respect of the alleged trust, and that the complainant is barred by lapse of time, by the provisions of the Revised Statutes. The limitation to such suits by those statutes is 10 years; and if, on an issue taken upon such a plea, it should appear that for 10 years before the suit there had been no act or recognition respecting the

alleged trust, I apprehend that the plea would be sustained beyond a doubt.''

The allegation that defendant was in the adverse possession of the ditch in question continuously since 1871 is sustainable by proof that he was in the adverse possession thereof since 1908 for the period prescribed by statute, and defendant may rely upon the proof that he has had the possession of the headgate and the strip of land used in connection therewith for the statutory period since 1908 to establish title thereto by adverse possession.

Since, for the reasons above stated, we are of the opinion that the lower court was correct in awarding judgment to the defendant, it becomes unnecessary to decide whether the judgment should be sustained on other grounds. It is likewise unnecessary to consider the defendant's cross-assignments of error relating to the exclusion of evidence seeking to show that the ditch, referred to in the decree rendered in the case wherein Chris Lannen was plaintiff and G. C. Dahlberg was defendant, was the same ditch as that involved in this action.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.