## NEPHI IRR. CO. v. BAILEY et al.

No. 7027.  Decided May 26, 1947.  (181 P. 2d 215.)

See 67 C. J. Waters, Sec. 222; 17 Am. Jur. 993; 30 Am. Jur. 636.

*P. N. Anderson,* of Nephi, for appellant.

*James P. McCune,* of Nephi, for respondents.

WOLFE, Justice.

This is an appeal by the plaintiffs from a judgment of no cause of action in a suit for conversion of sand and gravel.

The facts show that the plaintiff is a mutual irrigation corporation engaged in the distribution of water in the vicinity of Nephi, Utah. One of the company's sources of supply is Salt Creek Canyon, from which a stream of water flows westerly through Nephi and into the company's distribution system. This channel traverses the southeast corner of Lot 3, Block 26, Plat "A," of the Nephi Townsite Survey, owned by the defendants. The defendants' predecessor obtained title to this lot under a patent from the United States of America, issued May 1, 1872. At that time and ever since, according to the stipulation of the parties, the plaintiff company has had an easement to flow water through this channel and in aid thereof to clean sand and gravel from the channel and to pile it on the banks. The significance of this provision is indicated by the fact that during the spring and early summer the flood waters annually deposit about 2000 cubic yards of sand and gravel in that portion of the channel passing through Lot 3.

From year to year the deposits of sand and gravel have been scraped up onto the banks of the stream and thereafter removed by plaintiff and others. During the winter of 1944-1945 the defendants took at least fifty cubic yards of the material for use in a building which they were constructing. Plaintiff sued for the conversion of that gravel. The defendants answered, admitting the taking of the gravel but claiming that the title thereto was in themselves rather than in the plaintiff. This raises the sole question before us: Who has title to the sand and gravel?

Undoubtedly, defendants owned the stream bed, for title to land under nonavigable waters passes from the United States to the grantee of the upland as incident to the grant, where title is acquired by patent from the Federal Government. *Anderson-Prichard Oil Corp.* v. *Key Okla. Oil. Co. et al.,* 1931, 149 Okl. 262, 299 P. 850.

When the gravel settled in the bed, it thereupon became defendant's property. Defendants' counsel contends that they acquired title to the gravel under the doctrine of "accretion." That is not correct. "Accretion" is defined in 1 Words and Phrases, Perm. Ed., page 576 as follows:

"To constitute 'accretion,' there must be gradual and imperceptible addition of soil to *shoreline* by action of water to which land is contiguous." (Italics added.)

We do not have a shoreline problem here at all. The distinction is pointed out by Tiffany (The Law of Real Property, 3rd Ed., Sec. 1221):

"* * * if the owner of the bank or shore does own the bed of the stream * * * of water * * * any vertical addition to the bed, whether or not sufficient in depth to appear above the water, belongs to him not by reason of the doctrine of accretion, but because his ownership extends upwards as well as downwards * * *. Such new land belongs to him merely because it is within the boundaries of his land * * *."

It is under this latter principle that defendants acquired the title to the alluvial deposits.

Plaintiff did not get title to the sand and gravel merely by the act of scraping it up onto the banks. The general rule is stated by this court in *Holm* v. *Davis,* 1912, 41 Utah 200, 125 P. 403, 407, 44 L. R. A., N. S. 89, quoting from Jones on Easements. Sec. 814:

"The owner of a dominant estate having an easement has a right to enter upon the servient estate, and make repairs *necessary* for the *reasonable and convenient* use of the easement, doing no unnecessary injury to the servient estate." (Italics added.)

It may be that the plaintiff would have a right to use sufficient material from the defendants' land, deposited by the stream, for maintenance of the channel, especially that portion traversing the defendants' lands. That we do not need to decide in this case. Where banks had caved in, sufficient soil from the bed of the stream could be employed

to restore them, but the claim of the plaintiff in this case went far beyond that and for different purposes.

Judgment affirmed. Costs to respondents.

McDONOUGH, C. J., and PRATT, WADE, and LATIMER, JJ., concur.