JOHN SHIDU, Plaintiff and Respondent, v. O. M. HOLLENBACK, Defendant and Appellant.
No. 9648.
Submitted Jan. 15, 1958. Decided Feb. 28, 1958.
322 Pac. (2d) 325.

266

, Floyd O. Small and Clayton R. Herron, Helena, for appellant. Floyd O. Small, Helena, argued orally.

Skedd, Harris & Massman, Helena, for respondent. LaVerne V. Harris, Helena, argued orally.

MR. JUSTICE CASTLES:

This is an appeal from a judgment in favor of the plaintiff for the sum of $4,238.34 as and for the profits from a partnership accounting. Trial was had to the court without a jury.

The plaintiff and defendant formed a partnership to engage

in the floor-covering business, which arrangement continued for about nine months. Prior to the formation of the partnership, the defendant had been engaged in the furniture business and owned and operated a business known as Holly Furniture Exchange in Helena. The partnership was not intended to include the defendant's furniture business, but rather the partnership flooring business was to be conducted separately although in conjunction with and to operate out of the defendant's furniture store. At the inception of the partnership, the defendant was possessed of a quantity of flooring materials, the amount of which was disputed, but which was found by the trial court to be of a value of about $2,000.

The plaintiff, prior to the partnership, was a flooring layer. He made a cash contribution of $2,000, which was not disputed.

The partnership agreement was discussed by the parties and finally was reduced to a writing by an accountant. This writing was never executed, but in the complaint it was alleged as expressing the oral agreement as existing between the parties. The answer admitted this, but the appellant herein, defendant below, makes every attempt to avoid the admissions contained in his answer as will be further hereinafter discussed. The complaint and the admissions contained in the answer reveal that the partnership agreement was that plaintiff was to receive wages for his services, and that the defendant was to receive ten per cent of wages paid for necessary overhead, floor space and utilities. After payment of wages and ten per cent of those wages to the defendant as provided, the profits or losses of the flooring business were to be shared equally.

The partnership was outstanding for its lack of harmony from the beginning. The record reveals that it was also outstanding for its complete lack of common business care and judgment. It was not conducted as a separate and distinct business from the defendant's furniture business, in that the same sales slips were used in both businesses, with notations made on the slips that referred to the flooring and the partner-

ship business, one cash register served both businesses; monies from both businesses were co-mingled both in the business and in the bank accounts.

In nine months time the partnership was terminated. The plaintiff demanded an accounting and settlement with the defendant, but he was somewhat ignored. The defendant insisted that the partnership resulted in a loss rather than a profit, and that nothing was due the plaintiff. It appears that the defendant's furniture business was operating at a loss and that financial trouble was had by the defendant.

The trial was an extended one, being started on January 27, 1955, and being recessed from time to time until February 18, 1955, to permit the parties to compile and straighten out the figures on daily sales slips, invoices and other records. Through these efforts of representatives of the parties themselves, certain figures as to sales receipts, purchases, etc. were agreed upon by the parties. It should be mentioned that the defendant's answer to the complaint alleged that the plaintiff and his wife had taken the records, and that they were not available to the defendant. This was shown at the trial to be utterly false since the defendant produced them from his own premises.

The district court found that the total sales of the partnership amounted to $25,225.21. The closing inventory in the possession of the defendant totaled $6,988.34. The cost of merchandise purchased was $19,721.46. Wages were paid to an employee Richards in the sum of $1,572, and to the plaintiff in the amount of $1,764. The trial court found that defendant was entitled to ten per cent of the $1,764 paid to plaintiff for overhead. Defendant made replacements of defective flooring in the sum of $303. Loss in oustanding debts was set at $200. Tools purchased in the sum of $244.49 were in the hands of the defendant. From this, the trial court found that the partnership made a profit of $8,476.69 and that the plaintiff was entitled to one-half or $4,238.34.

The record on appeal is a voluminous one and in the recita-

tion of facts heretofore set out, no attempt has been made to detail the testimony. So far as it is pertinent to the questions posed, the evidence will be enlarged upon.

The appellant specifies twenty-three alleged errors. Except for one of them, they all go to question the sufficiency of the evidence to sustain the facts and law concerned with the detailed accounting. The first assignment of error charged that the complaint failed to state a cause of action and that the defendant's objection to the introduction of any evidence should have been granted. The appellant has failed to direct us to any case authority or to any specific reason why the complaint fails to state a cause of action and we find no merit in the alleged error.

The other twenty-two specifications of error challenging the sufficiency of the evidence to sustain the findings of fact and conclusions of law may be grouped as follows:

(1) Failure of the trial court to credit the defendant with an opening inventory of $5,513.23 rather than $2,000.

(2) Failure of the trial court to credit defendant with expenses and overhead costs of other clerks and other costs of doing business in his furniture store.

(3) Failure to credit the defendant with an amount equal to the wages drawn by the plaintiff.

(4) The trial court's decree allowing interest from the date of termination of the partnership rather than from the date of judgment.

These groupings are all concerned with the accounting itself. Actually, they consist, in large part, of nothing more than a disagreement with the trial court's findings. There is considerable conflict in the evidence, and our inquiry will be directed solely to the question of whether there is substantial evidence to support the findings. We indulged in the presumption that there was sufficient evidence, but we have carefully gone over the voluminous record and except as hereafter noted find the trial court's findings supported by credible testimony.

270

The first item of the opening inventory would cause a difference in the accounting of $3,513.23; the difference between $5,513.23 and $2,000. As previously stated, the plaintiff had put up $2,000 cash as his part of the business. The defendant had a stock of flooring materials which the plaintiff testified would approximate $2,000 in value. The plaintiff testified that no inventory was taken at the time, but that he and the defendant looked the stock over and agreed that it was equal to the $2,000 cash figure put up by the plaintiff. The defendant first testified that there was no opening inventory or that at least he couldn't find it. Much later in the trial, the defendant produced what he said was an opening inventory and that he priced the items arriving at a figure of $5,513.23. The plaintiff on rebuttal testified that the so-called inventory was never taken. The testimony on this point is conflicting, both as between the plaintiff and defendant and as to the defendant himself. We are satisfied from reading the record that there was substantial evidence for the trial court to conclude as it did, that the opening inventory was agreed upon as being of a value equal to $2,000.

The second item complained of was that the trial court did not allow the defendant costs of clerk's wages and other overhead items. The defendant sought to charge as items of cost to the partnership the wages of one full-time clerk in his furniture store. The trial court found that the partnership agreement alleged in the complaint was admitted by the answer. That agreement provided that the defendant was to receive ten per cent of the wages paid. The trial court allowed ten per cent of the wages paid to the plaintiff, but did not allow ten per cent of the wages paid to one Richards, an employee of the partnership. We believe the trial court erred at this point and should have allowed the defendant ten per cent of all the wages paid by the partnership. The amount should be ten per cent of $3,336 or $333.60, rather than $176.40.

The defendant strenuously objects to the trial court's find-

ings that the partnership agreement was admitted by his answer. He urges that the pleadings should have been considered amended by the proof. He had, in fact, made such a motion near the close of his case. This court has recognized the rule that where evidence, not warranted by a party's pleadings, is admitted without objection his pleading will be deemed amended to conform to the proof. Dahlberg v. Lannen, 84 Mont. 68, 274 Pac. 151. The rule has been applied many times and was obviously recognized by the trial judge. However, in the instant case, the conduct of the defendant was so contradictory and inconsistent throughout the trial that bad faith on his part was an obvious conclusion. It would add nothing to this opinion to detail the numerous shiftings of position of the defendant. In such a case we do not believe the aforementioned rule of amendment of pleadings to conform to the proof have any application. Further, the rule does not extend to the absolute admissions of the pleadings. Holcomb v. Long Beach Investment Co., 129 Cal. App. 285, 19 Pac. (2d) 31; 71 C.J.S. Pleading, sec. 569, p. 1141.

The third item, that of crediting the defendant with an amount equal to the wages drawn by the plaintiff falls under the same category as the second item. The admission by the defendant of the partnership agreement foreclosed any consideration of wages to the defendant.

The fourth item, that of interest on the amount determined due from the date of termination of the partnership rather than from the date of entry of judgment, is next attacked. The trial court decreed interest from the date of termination of the partnership, June 1, 1951. The judgment was entered May 6, 1955.

The general proposition on allowance of interest on a balance due a partner after dissolution is stated in 68 C.J.S. Partnership, sec. 397, p. 913, headnote, as follows:

"The propriety of allowing interest in accounting between partners must be determined from the facts, circumstances, and equities in each case. Interest is ordinarily not allowed on un-

ascertained balances in a partner's hands after dissolution, except where circumstances equitably determine such allowance, as where a partner is wrongfully withholding money.''

In the instant case there were numerous items to be considered. No balance could be arrived at without the accounting prayed for by the plaintiff. The defendant made all of his records available to the plaintiff and his wife. It is clear from the record that the defendant in good faith thought there was a loss rather than a profit since his furniture business was losing. The plaintiff demanded $7,000 from the defendant whereas the final accounting showed only $4,238.34 due. We believe that the equities are not sufficient in this case to attach interest on the amount due until entry of judgment.

The plaintiff urges that R.C.M. 1947, sec. 63-514, and 63-513 would control. He urges that the record reveals that the defendant wrongfully caused a dissolution of the partnership. We believe a fair reading of the record indicates that the desire for dissolution was mutually shared by the plaintiff and the defendant. They were not getting along from the inception of the arrangement. The trial court did not find that the dissolution was wrongful on the part of the defendant.

For a somewhat comparable problem, see Eskestrand v. Wunder, 94 Mont. 57, 20 Pac. (2d) 622, wherein it was held that in the foreclosure of a mechanics' lien where the lien was overstated so that it required a judgment to determine the correct amount due, interest was allowable only from the date of the decision.

We hold that interest should not have been allowed except from the date of the decree.

The cause is remanded to the district court for entry of judgment as modified in compliance with this opinion and as so modified will be affirmed. Each party shall pay his own costs on this appeal.

MR. CHIEF JUSTICE HARRISON, MR. JUSTICES ANGSTMAN, ADAIR, and THE HONORABLE W. R.

FLACHSENHAR, District Judge, sitting in place of MR. JUSTICE BOTTOMLY, concur.