No. 86-455

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

ESTHER P. PETERSON,

Plaintiff and Appellant,

-vs-

GEORGE TAYLOR and GEWYNN TAYLOR,
his wife, the heirs and devisees of
CHARLES T. HOWITT, Deceased, and all
other persons unknown, claiming or who
might claim any right, title, estate or
interest in, or lien or encumbrances
upon, the real property described in the
complaint or any thereof adverse to
Plaintiff's ownership or any cloud upon
Plaintiff's title thereto whether such
claim or possible claim be present or
contingent,

Defendants and Respondents.

---

APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Madison,
The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gregory O. Morgan, Bozeman, Montana

For Respondent:

Morrow, Sedivy & Bennett; Terry Schaplow, Bozeman,
Montana

---

Submitted on Briefs: March 5, 1987

Decided: April 16, 1987

Filed: APR 16 1987

*Ethel M. Harrison*
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.


Plaintiff Esther Peterson appeals the findings of fact, conclusions of law, and order of the District Court, Fifth Judicial District, County of Madison which quieted title to property in Pony, Montana. We affirm the order of the District Court.

The dispute in this case arises over the ownership of a tract of land designated as the "Mill Site" on the 1877 plat map for the townsite of Pony. Plaintiff Mrs. Peterson was born and raised in Pony. Her father, Dave Box, ran the Pony Electric Company, which was located at the southern end of the Mill Site directly behind the family house. The Box family home was located on a 80' x 100' parcel also within the Mill Site. Mrs. Peterson apparently was under the impression that her family owned the entire tract of land locally known as the Mallory Mill Site, an area of 4.18 acres.

Defendants George and Gewynn Taylor claim their interest in the Mallory Mill Site as devisees under the will of Charles Howitt. Mr. Howitt had been married to Emily Morris Howitt, niece of Leah Morris Mendenhall, the common grantor of both the Howitts and the Boxes.

The ownership history of the Mallory Mill Site is as follows. William Morris and Henry Elling each received ½ interest in the entire Mill Site by sheriff's deed dated 1891. After each man's death, their interests in the Mill Site devolved such that in 1931, Leah Morris Mendenhall owned a 1/6 interest in the Mill Site, and the Elling Estate Company owned a 5/6 interest in the Mill Site. In 1931, Leah

Mendenhall and the Elling Estate Company executed a deed in favor of Dave Box which granted to him as follows:

> That certain piece or parcel of land lying, being, situated and contained in the Southeast quarter of the Southwest quarter (SE¼ SW¼) of Section eighteen (18), Township two (2) South of Range two (2) West, Montana Principal Meridian, and comprising all that part or portion thereof lying at and within the southerly end of the tract heretofore known and designated as the Mallory Millsite not platted, dedicated and included in the certain recorded dedication and plat of the Millsite Addition to the Town of Pony, now appearing on file and of record in the office of the County Clerk and Recorder of Madison County, Montana, together with all buildings, improvements and machinery, including water wheel, generators, motors and equipment therefor, held, owned and used for and in connection with the electric lighting and power plant of the grantors and all poles, wires, transformers, meters and other equipment comprising the electric lighting system of the town of Pony, and the so-called Strawberry power line extending between said Pony power plant and the Strawberry-Keystone mine and mill; and also therewith the certain water right and ditch and reservoir right and wooden acqueduct [sic] or pipe line leading to said plant from the ditch and reservoir hereinafter mentioned, and the certain water right, dam, ditch, reservoir, headgate and overflow rights and the use, privileges and rights of way thereof and therefor, comprising and including what is generally known as the Mallory or Elling & Morris water and ditch rights previously, from about 1876 to 1902, used for the Mallory mill and Elling & Morris stone mill on the Elephant Lode Mining Claim, and thereafter to and including the present time used for the operation of the so-called Elling & Morris hydro-electric plant now hereby conveyed; and the good will of the electric lighting business; excepting, however, and hereby recognizing and reserving only from this conveyance the sufficient and necessary use of said ditch and water for irrigation and domestic uses on the southerly 250 feet of said Elephant Lode Mining Claim, known as the W. W. Morris residence tract.

It is the interpretation of this deed which is the center of controversy in the instant quiet title dispute.

Mrs. Peterson filed her complaint to quiet title to the Mill Site in 1984. A non-jury trial was held July 15 and 16, 1986. On August 5, 1986, the District Court issued findings of fact, conclusions of law, and an order and memorandum stating that both Petersons and Taylors had a vested interest in the Mill Site and that both had paid taxes on a part of the Mill Site. The court then ordered an equitable partition of the property.

Mrs. Peterson specifies four issues on appeal:

1) Whether findings no. 7 and 9 of the District Court order are unsupported by the evidence and clearly erroneous?

2) Whether the 1931 deed to Dave Box is ambiguous?

3) Whether the District Court's interpretation of the 1931 deed to Dave Box was error of law?

4) Whether Esther Peterson has established title by adverse possession?

A quiet title action is a suit in equity. Dahlberg v. Lannen (1929), 84 Mont. 68, 76, 274 P. 151, 153. Under § 3-2-204(5), MCA, the duty of this Court in equity cases is to review all questions of fact and law. Where it is alleged that the evidence is insufficient to support the findings of the trial court, we will not set aside those findings unless there is a decided preponderance of the evidence against them. Dahlberg, at 77, 274 P. at 153; Rase v. Castle Mountain Ranch, Inc. (Mont. 1981), 631 P.2d 680, 684, 38 St.Rep. 992, 996. Where issues of fact are close, this Court sitting in equity cases will defer to the findings of the trial court since it is in a better position to make decisions of fact. Rase, at 684, 38 St.Rep. at 996.

Issues no. 1, 2 and 3 all relate to the District Court's interpretation of the 1931 deed to Dave Box. Mrs. Peterson's

main contention is that under the District Court's interpretation the deed is void for ambiguity and vagueness of legal description.

The District Court found as follows:

7. On April 14, 1931, Ellings Estate Company and Leah Mendenhall deeded to Dave Box, Plaintiff's father, the so-called southerly end of the Millsite. The property was described as follows:

". . . comprising all that part or portion thereof lying at and within the southerly end of the tract heretofore known and designated as the Mallory Millsite not platted, dedicated and included in the certain recorded dedication and plat of the Millsite addition to the Town of Pony, now appearing on file and of record in the office of the County Clerk and Recorder of Madison County, Montana, together with all buildings, improvements and machinery, including water wheel, generators, motors and equipment therefor,. . ."

While this description is ambiguous, it is clear that the Grantors intended to convey the portion of the Millsite occupied by the Pony Electric Company, since it referred to improvements, machinery and equipment.

It is also clear that the deed did not convey any property west of Plaintiff's westerly fence line, and also there was reserved a remaining interest which was conveyed to Leah Mendenhall in 1955 (Defendants' Exhibit X).

9. From the various conveyances, payment of taxes and acts of occupancy, the Court finds generally that:

Peterson is the owner of the 80 x 100 lot, and an undescribed Southern portion of the Millsite, including that area occupied by the Pony Electric Company. All other portions of the Millsite are owned by the parties as tenants in common, and in an attempt to effect an equitable partition, said remainder shall be divided as hereinafter indicated[.]

Mrs. Peterson argues that "heretofore known and designated as the Mallory Millsite" modifies "piece or parcel of land" at the beginning of the property description. She contends "the southerly end of the tract" refers to the fact that the entire Mill Site is located in the southern quarter of section 18.

We find the District Court's interpretation of the deed as set forth in findings of fact no. 7 and 9 to be the correct one. It is clear by ordinary rules of grammar that the parcel of land granted to Dave Box was comprised of a part or portion of the Mill Site tract, and that portion was located at the south end of the Mill Site. This interpretation is further supported, as noted by the District Court, by the fact that the parcel of land is granted "together with" the buildings and machinery associated with the Pony Electric Company, such buildings and equipment being located directly behind and at the south end of the Mill Site behind the Box-Peterson home. We hold that there is a decided preponderance of the evidence in favor of the District Court's findings of fact no. 7 and 9.

Mrs. Peterson argues that such an interpretation is void since there are no detailed boundary lines set out by such an interpretation. The general rule is that a deed will be liberally construed so as to give it effect, rather than to render it a nullity. Howe v. Messimer (Mont. 1929), 84 Mont. 304, 312, 275 P. 281, 283. A deed will not be void for uncertainty if the identity of the property can be determined by reference to extrinsic evidence. Shilts v. Young (Alaska 1977), 567 P.2d 769, 773. The property description in the deed is adequate if it contains sufficient information to permit the identification of the property to the exclusion of all others. Id.; followed in Dimond v. Kelly (Alaska 1981),

629 P.2d 533, 540-41; see also Blumenthal v. Concrete Constructors Co. (N.M.Ct.App. 1984), 692 P.2d 50, 54-55.

The property description describing the buildings, improvements, machinery, water rights to run the generators, and goodwill of the electric lighting business provides adequate information from which to determine the boundary lines of the Pony Electric Company property. It was also clear from a field inspection by the court that the improvements of the Pony Electric Company did not extend past the west fence line of Mrs. Peterson's property. We hold that the description in the 1931 deed to Dave Box was sufficient to permit the use of extrinsic evidence to determine the boundaries of the property. We find no abuse of discretion in the District Court's equitable division of the property between the two parties.

The final issue raised by Mrs. Peterson is whether she has established title by adverse possession to the entire Mill Site. We hold that she has not. As correctly stated by the District Court, adverse possession requires the payment of taxes in addition to the requirements, when claim to the property is founded upon an instrument, of § 70-19-408, MCA. See § 70-19-411, MCA. The tax assessment for Mrs. Peterson, until 1984, listed the property assessed as the 80' x 100' lot upon which her home was located, and "part of Mallory Millsite." Mrs. Peterson states she thought she was paying taxes on the entire Mill Site. Regardless of her belief, there is no indication that the taxes assessed against property owned by Mrs. Peterson and the Taylors were incorrect. We agree with the District Court that Mrs. Peterson has not sustained her claim of adverse possession.

The judgment of the District Court is affirmed.

_____
John C. Sheehy
          Justice

We Concur:

_____
L. A. Turnage
         Chief Justice

_____
John Conway Harrison

_____


_____
R. C. Gulbrandson

_____
William E. Hunt
              Justices

- 8 -