No. 92-422

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

LEE McDONALD,

        Plaintiff and Appellant,

   v.

IRENE H. JONES, a/k/a IRENE H. PETERSON,
IRENE H. JONES PARTNERSHIP, a/k/a IRENE H.
PETERSON PARTNERSHIP; OWNERSHIP OF AMERICA,
a Texas corporation, and all other persons
unknown claiming or who might claim any right,
title, estate or interest in or lien or
encumbrance upon the real property described
in the Complaint adverse to Plaintiff's
ownership or any cloud upon Plaintiff's title
thereto, whether such claim or possible claim
be present or contingent,

        Defendants and Respondents.



APPEAL FROM:   District Court of the Fourth Judicial District,
                In and for the County of Missoula,
                The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Nancy K. Moe, Ellingson & Moe,
          Missoula, Montana

      For Respondent:

          David L. Pengelly, Knight, Maclay & Masar,
          Missoula, Montana

Submitted on Briefs:  January 28, 1993

Decided:  May 11, 1993

Filed:

_____
            /Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Lee McDonald appeals from an order of the Fourth Judicial District Court, Missoula County, granting summary judgment and finding a certain warranty deed from respondent Irene H. Jones (now Irene Peterson but referred to as Jones) to Ownership of America void, and a certain tax deed issued to McDonald by Missoula County void. McDonald also appeals a subsequent order denying his motion to reconsider.

We affirm.

McDonald raises three issues on appeal. We find the following issue to be dispositive:

Did the District Court err in finding that the grantor did not comply with the Montana Subdivision and Platting Act, thereby invalidating the warranty deed?

Irene H. Jones owned 12.63 acres of land in the Seeley Swan valley. The land contained various improvements, including a house built by Jones. Ownership of America approached Jones and requested that she convey two undeveloped acres from the 12 acre tract for a promotional scheme in exchange for some of Ownership's stock. There was no agreement specifying which two acres were to be conveyed. A friend of Jones, Vernon H. Peterson, prepared a warranty deed conveying title. On April 13, 1981, Jones executed a warranty deed to Ownership. The deed contained the following land description:

> That portion of Lot numbered Seven (7) of Section Six (6) in Township Twenty (20) North of Range Sixteen (16) West of Montana Principal Meridian, Montana, lying West of

2

Federal Aid Secondary 209 right-of-way and containing two acres more or less and further accurately described by plat on file with the party of the first part and party of the second part. Party of the first part herein reserves all minerals under the above description.

Jones and Ownership agree that the deed intended to convey two undeveloped acres out of the larger 12.63 acres owned by Jones. However, the deed did not specify which two undeveloped acres were to be conveyed. No plat was ever filed with the Missoula County Clerk and Recorder. The Missoula County Clerk and Recorder's office, following internal office procedures, erroneously treated the conveyance as a transfer of 12.63 acres, and not as two acres, as intended by Jones and Ownership. The Missoula County Treasurer changed the tax records upon recordation of the deed and sent all further tax notices for the entire 12.63 acre parcel to Ownership, who failed to pay any of the real property taxes. On July 20, 1983, Missoula County took a tax sale certificate on the entire 12.63 acre parcel due to nonpayment of taxes. Jones never received any notice regarding the pending tax sale.

On August 13, 1985, prior to taking a tax deed to the 12.63 acres, Missoula County assigned its interest in the tax certificate to Lee McDonald for $738.92, which represented unpaid taxes, interest, and penalties. On April 28, 1986, and on May 5, 1986, McDonald published a notice of application for tax deed in the local newspaper. The notice contained the following legal description: "All of Gov't Lot 7 lying West of Federal Aid Secondary #209 R/W in SW4 (Plat E) of 6-20N-16W, M.P.M." On July 11, 1986, McDonald filed an affidavit stating that the

3

property was unoccupied at the time of his application for tax deed on the property but acknowledged that the property may be occupied occasionally during the summer.

On August 27, 1986, the Missoula County Treasurer executed a tax deed to McDonald as grantee, which contained the following legal description:

Book 163   Page 228      SUID #1078409

Pt of Lot T   W of R/W in SW¼    Plat E    Section 6
Township 20   Range 16   12.63 Acres

That portion of lot numbered Seven (7) of Section Six (6) in Township Twenty (20) North of Range Sixteen (16) West of Montana Principal Meridian, Montana, lying West of Federal Aid Secondary 209 Right-of-Way and containing two acres more or less and further accurately described by Plat on file with the party of the first part and party of the second part.  Party of the first part herein reserves all minerals under the above description.

McDonald then published a Notice of Claim of Tax Title in the Missoula newspaper on August 25, 1986, and again on September 1, 1986.  The legal description used in the publication is identical to the legal description used in the original notice of application for tax deed.

McDonald never visually inspected the premises to determine if the property was unoccupied before acquiring the tax deed; he did not attempt to notify personally any persons who may have been occupying the property during the summer of 1986; he did not attempt to contact anyone other than a local handyman to determine who was in possession of the property and who was allowing guests to enter the property.

4

Ownership contacted McDonald and agreed to give him a quit claim deed to the property. The quit claim deed was prepared by McDonald and contained a different legal description than that used in the warranty deed from Jones to Ownership. The deed deleted all reference to the two acre limitation contained in the warranty deed. In addition, the word "all" was inserted at the beginning of the legal description. McDonald had actual knowledge of the two acre limitation contained in the Jones-to-Ownership warranty deed, but he chose to ignore the limitation. McDonald did not pay any consideration to Ownership for the quit claim deed. McDonald then conveyed a separate piece of property to Ownership for $2000.

In a series of deeds that were executed after the deed to Ownership, Jones, now married to Vernon Peterson, conveyed her entire interest in the 12.63 acre parcel to Irene H. Peterson Limited Partnership, a North Dakota limited partnership. Jones has paid all of the real estate taxes on the entire 12.63 acre parcel from 1986 through 1990 and has been in possession of the property at all times throughout the litigation.

On September 13, 1988, McDonald filed a quiet title action in District Court. On January 22, 1992, Jones filed her motion for summary judgment. On April 27, 1992, the District Court issued its findings of fact, conclusions of law, and order granting Jones' motion for summary judgment. On May 14, 1992, McDonald filed a motion for reconsideration, which was denied by the District Court on June 15, 1992. McDonald appeals both orders to this Court.

5

Did the District Court err in finding that the grantor did not comply with the Montana Subdivision and Platting Act, thereby invalidating the warranty deed?

The granting of summary judgment is proper only if it is shown that there is no genuine issue of any material fact and that the moving party is entitled to summary judgment as a matter of law. Rule 56(c), M.R.Civ.P. Summary judgment may be granted where the party opposing the motion fails to prove the existence of any genuine issue of material fact. Bills v. Hannah, Inc. (1988), 230 Mont. 250, 253-54, 749 P.2d 1076, 1079.

Section 76-3-104, MCA (1979), states that a subdivision shall be comprised of parcels less than 20 acres which have been segregated from the original tract. Jones' warranty deed to Ownership was an attempt to subdivide a parcel of land by segregating a two-acre parcel from the original 12.63 acre tract. The attempted subdivision violated the Montana Subdivision and Platting Act because the Act requires that a plat be filed of record before title to subdivided ground can be sold or transferred in any manner. Section 76-3-301(1), MCA (1979). In addition, the Act requires that the clerk and recorder reject any instrument that purports to transfer title to a parcel that is required to be surveyed. Section 76-3-302, MCA (1979).

The record shows that the parties intended to transfer only two acres of undeveloped land out of the 12.63 acres of land. No plat was recorded describing the two acres, even though the deed

6

did make a reference to such a plat. The deed should have been rejected. Section 76-3-302, MCA.

When interpreting the validity of deeds, the general rule is that a deed will be liberally construed to give it effect, rather than to render it a nullity. Peterson v. Taylor (1987), 226 Mont. 400, 404, 735 P.2d 1120, 1123. A deed will be considered void for uncertainty if the identity of the property can not be ascertained by reference to extrinsic evidence. Peterson, 735 P.2d at 1123. We consider the property description contained in a deed adequate if it contains sufficient information to permit the identification of the property to the exclusion of all others. Peterson, 735 P.2d at 1123.

In this instance, the parties failed to come to a meeting of the minds regarding which two acres of land Jones was to convey to Ownership. No extrinsic evidence was available for the District Court to identify which two acres the parties contemplated to be conveyed. Therefore, we hold that the deed was void for uncertainty. Because the warranty deed was ineffective at conveying any portion of the 12.63 acres, the subsequent deed from Ownership to McDonald conveyed no interest in the property. Erickson v. First National Bank of Minneapolis (1985), 215 Mont. 350, 358, 697 P.2d 1332, 1337. We hold that the District Court was correct as a court sitting in equity in holding that the original conveyance between Jones and Ownership was void for failure to comply with the Montana Subdivision and Platting Act.

7

As a result of our holding, we need not address the additional issues raised by McDonald.

Because there is no genuine issue of material fact, we affirm the decision of the District Court in granting summary judgment as a matter of law in favor of Jones.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

May 11, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Nancy K. Moe
Ellingson & Moe
P.O. Box 9198
Missoula, MT 59807

David L. Pengelly
Knight, Maclay & Masar
P.O. Box 8957
Missoula, MT 59807

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy