No.  96-137

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


DONALD FERRITER and
SHARON FERRITER,

Plaintiffs and Respondents,

v.

BOB H. BARTMESS and
PATRICIA A. BARTMESS,

Defendants and Appellants.


APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge Presiding.


COUNSEL OF RECORD:

For Appellants:

C. Kathleen McBride, Johnson, Kebe and McBride,
Butte, Montana


For Respondents:

John C. Doubek, Small, Hatch, Doubek & Pyfer,
Helena, Montana

Submitted on Briefs: December 5, 1996

Decided:   January 21, 1997
Filed:


_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

In this quiet title action, Donald and Sharon Ferriter seek a determination of the boundary between their property and property owned by Bob H. and Patricia A. Bartmess.  They also seek to recover damages for the Bartmesses' assertion of a claim to their property.  The First Judicial District Court, Lewis and Clark County, granted summary judgment in favor of the Ferriters as to the location of the boundary.  The Bartmesses appeal.  We affirm.

The issues are whether material issues of fact bar summary judgment and whether the District Court abused its discretion in denying the Bartmesses' motion for relief from judgment and to alter or amend the judgment.

The Ferriters and the Bartmesses own property located in Section 17, Township 11 North, Range 3 West, P.M.M.  In 1943, Lloyd and Frances Synness conveyed to C. A. Peterson the southwest quarter of the southwest quarter of Section 17,

save and excepting a plot of ground two hundred fifty (250') feet square located at the southwest corner of said described property and bounded on the south by the Lincoln-Hauser Lake Road and on the west by U.S. Highway No. 91 upon which that certain building and dance hall commonly known as "The Shanty" is located[.]

The Ferriters here seek to quiet their title to the southwest quarter of the southwest quarter of Section 17, "excepting therefrom a plot of ground 250 square in the Southwest corner of the SW1/4 SW1/4."  The Bartmesses hold title to the property reserved by Synness in 1943.  Therefore, the Ferriters' property adjoins the Bartmesses' property on the north and the east.

The proper boundary between the Ferriter and Bartmess properties depends on the location of the boundaries of the plot reserved in the 1943 deed and now owned by the Bartmesses.  The Ferriters contend that the beginning point of that plot is located at the southwest section corner.  The Bartmesses argue that, instead, it is located at the edge of the road easements, i.e., 30 feet and 50 feet inside the section corner.  As a result, they claim their property extends 30 feet and 50 feet north and east

into the property claimed by the Ferriters.

The District Court ruled that when interpreted according to the applicable rules of construction, the property description contained in the 1943 deed from Synness to Peterson provides that the reserved plot is bounded by the southwest corner of Section 17. The court therefore granted summary judgment to the Ferriters as to the location of the boundary between the Bartmesses' property and theirs. The Bartmesses moved for relief from judgment or to alter or amend it. That motion was deemed denied after the court failed to rule on it within the time allowed under Rule 59(d), M.R.Civ.P. This appeal followed. The court's summary judgment ruling has been certified for appeal pursuant to Rule 54(b), M.R.Civ.P.

ISSUE 1

Do material issues of fact bar summary judgment?

Summary judgment is proper when the record discloses no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. This Court reviews an order granting summary judgment under the same criteria applied by the District Court pursuant to Rule 56(c); our standard of review is de novo. Mead v. M.S.B., Inc. (1994), 264 Mont. 465, 470, 872 P.2d 782, 785.

The Bartmesses contend that issues of fact exist as to the location of the south and west boundaries of their property. They point out that, although the deed from Synness to Peterson states that the property is "at the southwest corner of said . . . property," the deed also states that the property is "bounded on the south by the Lincoln-Hauser Lake Road and on the west by U.S. Highway No. 91." As further evidence of a genuine issue of material fact, the Bartmesses refer to the courtþs questions at the summary judgment hearing concerning the width of those two roads and their specific ownership.

The Bartmesses cite Proctor v. Werk (1986), 220 Mont. 246, 714 P.2d 171, for the proposition that an ambiguous deed reservation renders a case concerning interpretation of the deed inappropriate for summary judgment. In Proctor, this Court ruled that a deed which reserved "six percent of all royalties received for oil and gas removed from the above-described property" was ambiguous as to whether it conferred a royalty of six percent of all production received, or six percent of the landowners' royalty. Proctor, 714 P.2d at 173. We held that summary judgment was therefore improper.

The Bartmesses contend that in the present case, the District Court "found the deed description ambiguous." Therein, they overstate their case. What the District Court found was an "apparent ambiguity" in the deed, which it then proceeded to analyze under rules for interpretation of instruments.

The reasoning in the District Courtþs written order is flawless. The court began by setting forth general rules of construction of written instruments. A deed should be interpreted

liberally to effect its intent. McDonald v. Jones (1993), 258 Mont. 211, 216, 852 P.2d 588, 591. While a grant of property is to be interpreted in favor of the grantee, any reservation is to be interpreted in favor of the grantor. Section 70-1-516, MCA. When a grantor conveys property described as being bounded by a road, the conveyance is presumed to include the grantor's rights to the middle of the road. Section 70-20-201(4), MCA. Finally, and critically, an unambiguous deed must be interpreted according to its language as written, without resort to extrinsic evidence of the grantor's intent. Sections 70-1-513 and 28-3-401, MCA; Peterson v. Hopkins (1984), 210 Mont. 429, 434, 684 P.2d 1061, 1063.

As the District Court noted, the apparent ambiguity in the 1943 deed arises from the deedþs description of the boundaries of the reserved plot of land in two ways. The deed first states that the reserved plot is located "at the southwest corner of said described property." The meaning of that description is clear--the reserved portion is located at the south and west section boundary. The next phrase in the deed, however, creates the apparent ambiguity: "and bounded on the south by the Lincoln-Hauser Lake Road and on the west by U.S. Highway No. 91."

The District Court correctly concluded that any ambiguity so created is eliminated by application of statutory rules of construction. Section 70-20-201, MCA, provides in relevant part:

The following are the rules for construing the descriptive part of a conveyance of real property when the construction is doubtful and there are no other sufficient circumstances to determine it:
(1) Where there are certain definite and ascertained particulars in the description, the addition of others which are indefinite, unknown, or false does not frustrate the conveyance, but it is to be construed by the first mentioned particulars.

As previously noted, the first description of the boundary of the plot reserved in the 1943 deed is certain. The second description not only conflicts with the first description, but it is also unclear as to the boundary of the reserved plot--whether it is at the edge of the roads or at the edge of the road easements as they existed in 1943. The District Court's questions at trial elucidated the absence of evidence of the width of the roadways in 1943 and the uncertainty as to the meaning of "bounded by" in the deed.

Applying  70-20-201(1), MCA, eliminates any ambiguities and uncertainties, and results in a description that is definite and certain. We conclude that the District Court was correct in applying  70-20-201(1), MCA, in this case. We hold that the south and west boundaries of the Bartmesses' property are established by

the "definite and ascertained particulars" of the section lines of the south and west boundaries of Section 17, Township 11 North, Range 3 West, P.M.M.

We hold that the District Court did not err in entering summary judgment for the Ferriters as to the location of the boundary between their property and that owned by the Bartmesses.

ISSUE 2

Did the court abuse its discretion in denying the Bartmesses' motion for relief from judgment or to alter or amend the judgment?

The decision to grant a new trial based upon newly-discovered evidence is within the discretion of the trial judge and will not be overturned absent a showing of manifest abuse of discretion. Fjelstad v. State, through Dept. of Highways (1994), 267 Mont. 211, 220, 883 P.2d 106, 111.

The Bartmesses moved for relief from judgment in light of newly-discovered evidence. Their alleged newly-discovered evidence was an affidavit concerning the width of the roads as they would have existed at the time of the 1943 conveyance. Because that evidence would be irrelevant to determination of the boundary under the analysis set forth above, we hold that the District Court did not manifestly abuse its discretion in denying the motion for relief from judgment or to alter or amend the judgment.

Affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ TERRY N. TRIEWEILER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ KARLA M. GRAY